1  **Marc J. Victor, P.C.**
2  3920 S. Alma School Road, Suite 5
   Chandler, Arizona 85248
3  Telephone:  (480) 755-7110
   Telecopier:  (480) 755-8286
4  Vicki A.R. Lopez – SBN 010426
   vicki@attorneyforfreedom.com
5  Attorneys for Plaintiff

6

7             IN THE UNITED STATES DISTRICT COURT

8                FOR THE DISTRICT OF ARIZONA

9  STEVEN ANDERSON, a married man,   )  Cause No.
                                     )
10                                   )
              Plaintiff,             )
11                                   )         COMPLAINT
                                     )   (Tort – Non-Motor Vehicle)
12  vs.                              )
                                     )
13  THE UNITED STATES OF AMERICA;    )
    CBP AGENT C. DIAZ and JANE DOE   )
14  DIAZ, husband and wife; CBP AGENT B. )
    GRIFFITHS and JANE DOE GRIFFITHS, )
15  husband and wife; CBP AGENT E. GOMEZ )
    and JANE DOE GOMEZ, husband and wife; )
16  ARIZONA DEPARTMENT OF PUBLIC     )
17  SAFETY, a political subdivision of the State )
    of Arizona; DPS OFFICER M.R. JONES and )
18  JANE DOE JONES, husband and wife; DPS )
    OFFICER J. MITCHELL and JANE DOE )
19  MITCHELL, husband and wife; UNITED )
20  STATES BORDER PATROL AGENTS 1-   )
    100; UNKNOWN NAMED SUPERVISORY )
21  AGENTS 1-100; U.S. CUSTOMS AND   )
22  BORDER PROTECTION, a.k.a. U.S.   )
    BORDER PATROL, a component of the )
23  DEPARTMENT OF HOMELAND           )
    SECURITY; UNITED STATES          )
24  DEPARTMENT OF JUSTICE,           )
25                                   )
              Defendants.            )
26

Plaintiff, by and through undersigned counsel, hereby alleges as follows:

1. Plaintiff STEVEN ANDERSON is and was, at all times relevant hereto, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendants M.R. JONES and J. MITCHELL are residents of the State of Arizona.

3. Upon information and belief, Defendants M.R. JONES and JANE DOE JONES are and were, at all times relevant hereto, husband and wife and were acting on behalf of their marital community.

4. Upon information and belief, Defendants J. MITCHELL and JANE DOE MITCHELL are and were, at all times relevant hereto, husband and wife and were acting on behalf of their marital community.

5. Upon information and belief, Defendants C. DIAZ, B. GRIFFITHS, and E. GOMEZ are residents of the State of Arizona.

6. Defendant ARIZONA DEPARTMENT OF PUBLC SAFETY ("DPS") is a political subdivision of the State of Arizona and a jural entity subject to suit.

7. Upon information and belief, Defendants Border Patrol Agent C. DIAZ and JANE DOE DIAZ are and were, at all times relevant hereto, husband and wife and were acting on behalf of their marital community.

8. Upon information and belief, Defendants Border Patrol Agent B. GRIFFITHS and JANE DOE GRIFFITHS are and were, at all times relevant hereto, husband and wife and were acting on behalf of their marital community.

9. Upon information and belief, Defendants Border Patrol Agent E. GOMEZ and JANE DOE GOMEZ are and were, at all times relevant hereto, husband and wife and were acting on behalf of their marital community.

10. Defendant U.S. CUSTOMS AND BORDER PROTECTION a.k.a U.S BORDER PATROL is a political subdivision of DEPARTMENT OF HOMELAND SECURITY and a jural entity subject to suit.

11. The jurisdiction of this court, is founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331. Jurisdiction is also founded under the Fourth, Fifth, and Fourteenth Amendments to the United State Constitution, 28 U.S.C. sec. 1343 and 1367.

12. Mr. Anderson served a Notice of Claim in compliance with A.R.S. §12-821.01 on October 12, 2009 upon the appropriate individuals, and DPS denied this claim by lack of response to Plaintiff's Notice of Claim as of December 11, 2009.

13. Mr. Anderson has complied with the Notice of Claim requirements under State law perfecting his right to pursue this claim before this Court.

14. The State of Arizona owns, operates, controls, leases, maintains and/or manages the employees of the Arizona Department of Public Safety located throughout the State, including within the City of Yuma.

15. At all times material hereto, Defendants M.R. JONES ("Jones") and J. MITCHELL ("Mitchell") were acting in their capacity as employees of Defendant DPS, and Defendant DPS is liable for the acts of its employees under the legal theory of *respondeat superior*.

16. At all times material hereto, Defendants Border Patrol Agent C. DIAZ ("Diaz"), Border Patrol Agent B. GRIFFITHS ("Griffiths") and Border Patrol Agent E. GOMEZ ("Gomez") were acting in their capacity as employees of Defendant Border Patrol, and Defendant Border Patrol and its parent organization, Defendant Department of Homeland Security, are liable for the acts of its employees under the legal theory of *respondeat superior*.

17. Defendants JANE DOE JONES, JANE DOE MITCHELL, JANE DOE DIAZ, JANE DOE GRIFFITHS and JANE DOE GOMEZ are fictitious names for the spouses of Defendants Jones, Mitchell, Diaz, Griffiths, and Gomez respectively, and Plaintiff will amend the Complaint when their true and correct names are ascertained.

18. Defendants UNITED STATES BORDER PATROL AGENTS 1-100; UNKNOWN NAMED SUPERVISORY AGENTS 1-100 are fictitious names and Plaintiff will amend the Complaint when their true and correct names are ascertained.

19. All acts and omissions by all individual defendants that are the subject of this complaint were done in Yuma County, making jurisdiction and venue proper in this court.

20.

**FACTUAL BACKGROUND**

21. On April 14, 2009 Mr. Anderson was driving eastbound on Interstate 8 near milepost 78 in Yuma County, Arizona. After approaching a United States Border Patrol checkpoint, Mr. Anderson was directed to a secondary inspection area after a K-9 agent allegedly "alerted" the Border Patrol agent to the presence of either drugs or human beings.

22. Mr. Anderson questioned whether the K-9 did in fact alert to his car, because he observed no behaviors by the dog that would indicate an alert. Mr. Anderson requested that the dog be allowed to do a second alert, and that request was denied by Border Patrol agents. The Border Patrol agents refused to allow Mr. Anderson to proceed and repeatedly directed him to the secondary inspection area. Mr. Anderson refused, and stayed in his car where he was initially stopped.

23. Border Patrol agents contacted Defendant DPS, and Defendants Jones and Mitchell arrived approximately 45 minutes later.

24. Defendants broke both front side windows of Mr. Anderson's vehicle. Defendants Jones and Mitchell tased Mr. Anderson two times at that point. Defendants then shoved Mr. Anderson's head into the jagged broken glass of the window and held it there.

25. Defendants then extricated Mr. Anderson from his car through the broken driver's side door window and pushed Mr. Anderson down onto the ground into the broken glass. Defendants then stepped on his head and ground his face into the asphalt and broken glass. Defendants continued to tase Mr. Anderson while he was on the ground.

26. At no time was Mr. Anderson ever combative during the incident. He did not resist or fight back.

27. As a direct and proximate result of the unprovoked attack, Mr. Anderson sustained personal injuries to his head and face. The cuts on Mr. Anderson's head and face required eleven stitches.

28. After Mr. Anderson was brought into Defendant Border Patrol's office at the scene, he was laughed at, ridiculed, and taunted by Defendants while he sat with his hands cuffed behind his back, and his entire face covered in blood.

29. Mr. Anderson was told by Defendant Border Patrol Agent Diaz that if he had answered their questions, they would have let him go. This is contrary to what Mr. Anderson had been told about the K-9 allegedly alerting on his vehicle.

30. An agent of Defendant Border Patrol also stated that Mr. Anderson was put in secondary because Mr. Anderson was videotaping the contact. This is contrary to what he had been told about the K-9 allegedly alerting on his vehicle.

31. A subsequent search of Mr. Anderson's vehicle found no drugs, no concealed human beings, and no contraband of any kind.

5

32. All criminal charges filed against Mr. Anderson were dismissed on December 16, 2009.

### COUNT ONE
### Negligence and/or Gross Negligence

33. Plaintiff alleges and incorporates the preceding paragraphs as stated above.

34. Defendants owe a duty of reasonable care to Mr. Anderson.

35. Defendants' actions were negligent and/or grossly negligent, and Defendants breached the duty of reasonable care.

36. Defendant DPS is responsible for the actions of its individual officers and employees under the doctrine of *respondeat superior*.

37. Defendant Border Patrol is responsible for the actions of its individual agents and employees under the doctrine of *respondeat superior*.

38. As a direct and proximate result of said Defendants' breach of their duty of care to Mr. Anderson as described herein, Mr. Anderson sustained serious and substantial injury, for which he is entitled to redress from said Defendants.

### COUNT TWO
### False Arrest and Imprisonment

39. Plaintiff alleges and incorporates the preceding paragraphs as stated above.

40. Defendants caused Mr. Anderson to be falsely arrested and imprisoned, without his consent, and without lawful authority.

41. Defendant DPS is responsible for the actions of its individual officers and employees under the doctrine of *respondeat superior*.

42. Defendant Border Patrol is responsible for the actions of its individual agents and employees under the doctrine of *respondeat superior*.

43. As a direct and proximate result of said Defendants' false arrest, Mr. Anderson sustained serious and substantial injury, for which he is entitled to redress from said Defendants.

### COUNT THREE
### Intentional Infliction of Emotional Distress

44. Plaintiff alleges and incorporates the preceding paragraphs as stated above.

45. The conduct of each Defendant as described herein was extreme and outrageous, and was either intended to cause emotional distress to Mr. Anderson, or was performed in reckless disregard of the certainty that such distress will result from their conduct.

46. Mr. Anderson did, in fact, sustain severe emotional distress as a result of Defendants' wrongful conduct.

47. Defendant DPS is responsible for the actions of its individual officers and employees under the doctrine of *respondeat superior*.

48. Defendant Border Patrol is responsible for the actions of its individual agents and employees under the doctrine of *respondeat superior*.

49. As a direct and proximate result of said Defendants' intentional infliction of emotional distress, Mr. Anderson sustained serious and substantial injury, for which he is entitled to redress from said Defendants.

### COUNT FOUR
### Assault and Battery

50. Plaintiff alleges and incorporates the preceding paragraphs as stated above.

51. Defendants Jones and Mitchell offensively touched Mr. Anderson, and/or created apprehension in Mr. Anderson of an offensive touching.

52. Defendants Diaz, Griffiths and Gomez and unknown Border Patrol Agents 1-100 offensively touched Mr. Anderson, and/or created apprehension in Mr. Anderson of an offensive touching.

53. Defendant DPS is responsible for the actions of its individual officers and employees under the doctrine of *respondeat superior*.

54. Defendant Border Patrol is responsible for the actions of its individual agents and employees under the doctrine of *respondeat superior*.

55. As a direct and proximate result of said Defendants' assault of Mr. Anderson as described herein, Mr. Anderson sustained injury, for which he is entitled to redress from Defendants.

### COUNT FIVE
### 42 U.S.C. § 1983

56. Plaintiff alleges and incorporates the preceding paragraphs as stated above.

57. Defendants Jones and Mitchell, by forcibly removing Mr. Anderson from his vehicle, injuring him, placing Mr. Anderson in handcuffs after being tased, taking him without his consent to Defendant Border Patrol's office, then to Defendant Officers' patrol car, and then taking him to be identified, arrested Mr. Anderson without probable cause, violated Mr. Anderson's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendants Diaz, Griffiths and Gomez, and Defendants Border Patrol Agents 1-100, by putting Mr. Anderson in secondary without reasonable suspicion or probable cause, assisting in the violent removal of Mr. Anderson from his vehicle, and assaulting Mr. Anderson, violated Mr. Anderson's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

58. As a direct and proximate result of Defendants' violation of Mr. Anderson's constitutional rights, Mr. Anderson has sustained damages, including, but

8

not limited to, pecuniary loss, mental anguish, permanent physical damage, and pain and suffering, all in an amount to be proven at trial.

59. Defendants Jones' and Mitchell's wrongful acts were intended to cause Mr. Anderson injury, or were motivated by spite or ill will, or said Defendants acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Mr. Anderson. Thus, Defendants' wrongful acts, therefore, merit an award of exemplary damages against them in their individual capacities in an amount to be proven at trial that is sufficient to punish the individual officers, and to deter the individual officers and others from engaging in such wrongful acts in the future.

60. Defendants Diaz, Griffiths, Gomez and Defendants Border Patrol Agents 1-100's wrongful acts were intended to cause Mr. Anderson injury, or were motivated by spite or ill will, or said Defendants acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of Mr. Anderson. Thus, Defendants' wrongful acts, therefore, merit an award of exemplary damages against them in their individual capacities in an amount to be proven at trial that is sufficient to punish the individual agents, and to deter the individual agents and others from engaging in such wrongful acts in the future.

WHEREFORE, Plaintiff Steven Anderson, for each and every cause of action above, demand the following relief, jointly and severally, against all Defendants as follows:

    A.    Compensatory general and special damages in an amount according to proof at time of trial;

   B. Exemplary damages, against Defendants, for the intentional acts described above or for those done recklessly or with deliberate indifference, in an amount sufficient to deter and to make an example of those Defendants;

   C. Reasonable attorneys' fees and expenses of litigation;

   D. Costs of suit necessarily incurred herein;

   E. Prejudgment interest according to proof; and

   F. Such further relief as the Court deems just and proper.

  RESPECTFULLY SUBMITTED this ____ day of April, 2010.

         MARC J. VICTOR, P.C.

        By: /s/ *Vicki A.R. Lopez*
          Vicki A.R. Lopez
          Attorneys for Plaintiff

E-filed this ____ day of April, 2010.